# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | |
| v. ) | No. 10-20079-04-KHV |
| ) | |
| TIMOTHY MARK JENKINS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

On January 11, 2011, the Court sentenced defendant to 24 months in prison, to be served consecutively to his sentence in Johnson County, Kansas District Court Case No. 08-cr-2601. See Judgment In A Criminal Case (Doc. #74). This matter is before the Court on defendant's letter (Doc. #163) filed February 4, 2019, which the Court construes as a motion to clarify calculation of sentence.

Defendant questions whether time which he spent in federal custody before sentencing counts toward his federal sentence. By statute, defendant receives credit toward his term of imprisonment for time spent in official detention before the date his federal sentence commences "if the detention resulted from the same offense of conviction or from another charge for which the defendant was arrested after commission of the offense of conviction *and* if that time has not been credited against another sentence." Weekes v. Fleming, 301 F.3d 1175, 1178 (10th Cir. 2002) (emphasis in original) (citing 18 U.S.C. § 3585(b)). A district court is not authorized to compute service credit under 18 U.S.C. § 3585; credit awards are made by the Attorney General through the Bureau of Prisons. United States v. Wilson, 503 U.S. 329, 333-35 (1992). Before seeking judicial review of credits under Section 3585(b), prisoners must exhaust administrative

remedies.  See Buchanan v. U.S. Bureau of Prisons, 133 F. App'x 465, 467 (10th Cir. 2005).[1]

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #163) filed February 4, 2019, which the Court construes as a motion to clarify the calculation of his sentence, is **DISMISSED**.

Dated this 4th day of February, 2019 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge

---

[1] The Court notes that defendant was before the federal court on a Writ of Habeas Corpus Ad Prosequendum (Doc. #13).  Accordingly, it appears that he was still in state custody (for purposes of sentencing calculations) and receiving credit only on his state sentence throughout his federal prosecution.  Wise v. Chester, 424 F. App'x 726, 728 (10th Cir. 2011) (defendant entitled to credit for time in custody before commencement of federal sentence only if that time was not credited to his state sentence) (citing Weekes, 301 F.3d at 1178).